UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY E. BURTON, JR.,

    Plaintiff,	Case No. 15-cv-10163

v.	HONORABLE STEPHEN J. MURPHY, III

ALAN SHANAWAR,

    Defendant.
_____/

**OPINION AND ORDER TRANSFERRING BURTON'S
CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF TEXAS, WACO DIVISION**

Bobby Burton, Jr., presently confined with the Texas Department of Criminal Justice, Correctional Institution Division at the Alfred Hughes Unit in Gatesville, Texas has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, Mr. Burton claims he is being denied adequate medical care by the defendant while incarcerated at the Hughes Unit. For the reasons stated below, the Court will transfer this matter to the United States District Court for the Western District of Texas, Waco Division for further proceedings.

**DISCUSSION**

Burton is incarcerated in Gatesville, Texas, which is located in the United States District Court for the Western District of Texas. *See Coker v. Inmate Records,* No. 13-CV-316, 2013 WL 5725094, at *1 (S.D. Tex. Oct. 21, 2013) (transferring civil rights complaint filed by prisoner incarcerated at the Hughes Unit to the Western District of Texas). Burton remains incarcerated at this facility and claims medical staff are providing inadequate medical care. The defendant named in the complaint also resides in the Western District of Texas.

Venue is in the judicial district where any defendant resides, if all defendants reside in the same state, or where the claim arose. 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred sua sponte for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (citation omitted).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the Court will transfer the present matter to the Waco Division of the United States District Court for the Western District of Texas. This is the district where Burton is incarcerated and Shanawar lives. It is where the prison staff allegedly provided Burton with inadequate medical care—allegations forming the basis for this suit. It is where all witnesses reside, and where all evidence is located.

Venue for Burton's lawsuit is not proper in the Eastern District of Michigan, because Burton has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio,* 15 F. App'x 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the Waco Division of the United States District Court for the Western District of Texas, where plaintiff alleges that the civil rights violations occurred. Accordingly, this matter will be transferred to that district for further proceedings.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court transfer the case to the United States District Court for the Western District of Texas, Waco Division, pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 28, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager